# REPORTS.

## SULLIVAN,

### JULY TERM, A. D. 1856.

### FARNUM, Appellant, v. BRYANT, Adm'r, Appellee.

Where a child, not named or referred to in the will of his father, is by law entit-
led to the same share of the estate of the deceased as if he had died intestate,
such child may waive or renounce his claim to any portion of the estate, by
any unequivocal act of waiver or renunciation, in writing, filed in the probate
office.

A petition of such child, addressed to the judge of probate, before whom the
will is to be proved and filed in the probate office, written upon the back
of a copy of the will, acknowledging its due execution, expressing satisfac-
tion with its provisions, and praying the settlement of the estate according to
its tenor, is a sufficient waiver and renunciation of his right to claim any
share of the estate contrary to the provisions of the will.

Where all the children and heirs of a deceased father, none of whom are named
in his will, unite in such waiver or renunciation, and the will is proved and
the estate generally settled agreeably to its provisions, in consequence of such
waiver, and the previous position of a portion of the children of the widow,
and of the estate, is hereby changed, it is not in the power of any one of the
children to revoke such waiver on his part.

APPEAL from the decree of the judge of probate for Sullivan
county, directing the administrator of Amos Farnum to pay
to the administrators of Merit Farnum, a son of Amos, the sum
of $798.71, as the share belonging to said Merit of the balance
of $3594.21, remaining in the hands of said administrator on the
settlement of his administration account, made at the term of

VOL. XXXIV.            2

the probate court holden at Newport on the last Wednesday of August, 1854.

Amos Farnum made and executed his last will and testament on the 23d day of May, 1829, therein bequeathing and devising all his estate, real and personal, after payment of his debts, to his wife, Lydia Farnum, the appellant, without naming either of his three children, and appointing the said Lydia sole executrix. He died on the 19th of January, 1852, and said will was duly proved and allowed by the judge of probate for Sullivan county soon after his death. Said Lydia declined the trust of executrix, and George Bryant was appointed administrator with the will annexed. Prior to his appointment, Merit Farnum and Bezaleel Farnum, two of the children of said Amos, then of full age, executed on the back of a copy of the will of said Amos an instrument in writing over their signatures, in the words and figures following:

" To the Hon. John L. Putnum, judge of the court of probate within and for the county of Sullivan and State of New-Hampshire.

Whereas Amos Farnum, late of Plainfield, in the county of Sullivan and State of New-Hampshire, deceased, made and duly executed, in his lifetime, a will of which the foregoing is a true copy, with the provisions of which, that is, said original, we, his children and heirs, do hereby acknowledge ourselves satisfied, and are desirous of having the same carried into effect; and whereas his wife, Lydia Farnum, who was appointed the sole executrix of said last will and testament, which trust she declines, on account of her inability to settle the estate of said deceased, and prays the appointment of George Bryant, Esq., of said Plainfield, as administrator thereupon, with said will annexed; now we, the said children and heirs, do hereby express our approbation of said transaction, consenting to the appointment of said George Bryant as such administrator, and praying the settlement of said estate, agreeably to the tenor of said original will.

Dated at Plainfield aforesaid, this 18th day of February, 1852.

MERIT FARNUM,
BEZALEEL FARNUM."

This instrument was exhibited to the judge in court by said administrator at the time of his appointment, and subsequently remained in his possession with the assent of the judge of probate until January, 1854, when it was filed in the probate office. The administrator was induced to accept his trust, in part at least, in consequence of the execution of said instrument. In June, 1853, Darwin Bryant and Susan F. Bryant, grand-children of said Amos Farnum, and children and heirs at law of Susan F. Bryant, deceased, the other child of Amos Farnum, made and executed a similar instrument over their signatures.

Merit Farnum died April 4, 1852, and soon after Orlando Powers and Catharine Farnum were appointed administrators on his estate, and accepted the trust. In April, 1852, said Powers notified the administrator of Amos Farnum that the administrators of Merit would claim his distributive share of the estate of Amos. The administrators of Merit refused to assent to the provisions of the will of Amos, or to any waiver of his rights as heir, if any such had been made by said Merit, and at the time of the final decree of distribution said Powers was present in court and claimed the share belonging to said Merit, as heir of his father's estate. The judge of probate thereupon decreed to the administrators of Merit Farnum the sum of $798.71, as his distributive share of the balance of $3594.21, remaining in the hands of the administrator of Amos Farnum, on the settlement of his account of administering said estate. From this decree Lydia Farnum seasonably took an appeal to the superior court of judicature, for reasons set forth at large in said appeal. The first reason is, briefly, that the appellant is the sole devisee and legatee under the will, and that the whole balance in the hands of the administrator should therefore have been decreed to her, instead of any portion thereof being decreed to the administrators of Merit Farnum. The second reason is, substantially, that Merit Farnum in his lifetime, by force of the instrument before recited, renounced all his right, title, claim and interest in and to the estate of said Amos, and every portion thereof, in favor of said

Lydia, which instrument was never revoked by him or by his administrators. The third reason is set forth in these words:

"Because the said Merit Farnum in his lifetime, having consented and agreed to the probate of said last will and testament of said Amos Farnum, and requested and prayed the said judge of probate to settle the estate of said Amos according to the tenor of his said last will and testament, and the said last will and testament having been, agreeably to such request and prayer, duly proved, approved and allowed by the said judge of probate, the administrators of said Merit are estopped from denying the validity of said last will and testament, and from opposing and contesting any of the provisions of the same, and from claiming any portion of the estate of which the said Amos died seized and possessed."

The case was referred to an auditor, from whose report and the other papers in the case the foregoing statement of facts has been collected.

*Burke*, (with whom was *H. A. Bellows*,) for the appellant.

1. The instrument executed by Merit Farnum before his decease is intended to embrace more than a mere power to the judge of probate, to cause the will of Amos Farnum to be executed according to its true intent and meaning. It is substantially a renunciation or waiver of his right as heir to the estate of the testator; or, rather, of his claim to a distributive share of said estate under the statute. It cannot be so construed as to constitute the judge of probate an agent for any purpose. It is, in substance, *an assent to the provisions of the will*, and therefore cannot be revoked by his administrators after his subsequent decease.

2. The heir may renounce or waive his claim to the inheritance.

Every citizen is free to renounce his rights, and may therefore renounce those provisions of law that are made in his favor, and which interest him only.

One may renounce an acquired right, for example, the right of being heir after the estate is cast upon him. 1 Bouvier's Institutes of Am. Law, 37, 38.

Every heir, or executor, is at liberty to accept the succession, or to abstain from it, or to renounce it. 2 Domat's Civil Law, by Strahan, Cushing's Ed., p. 155, sec. 4, art. 1, pp. 27, 35. Thus the common and the civil law agree.

An executor may refuse a devise of land to him in fee, and his co-executors may accept of the land, and dispose of it according to the provisions of the will. *Bonifant* v. *Greenfield*, 1 Croke's Eliz. 80.

There can be no doubt of the fact that a devisee may waive and renounce the estate devised to him. 1 Powell on Devises, pp. 429 and 30, and notes; *Townson* v. *Tickell*, 3 Barnw. and Ald. 31; 4 Kent's Com., 7th ed., p. 595; 1st ed., pp. 523,4; *Bugbee* v. *Sargent*, 23 Maine 269; *Temple* v. *Nelson*, 4 Metcalf 584; Shephard's Touchstone, 452, Title, Testament. And there seems to be no difference in principle between the case of an heir and that of a devisee.

No man can have an estate forced upon him *nolens volens.*

No man can be forced to accept of a conveyance of land against his will.

Nor can a devisee be compelled to accept an estate devised to him, against his will.

The expression of the law that the inheritance is "cast upon the heir," means no more than that the law will confer it upon him, if he accepts it. The reasons for requiring the heir to succeed his ancestor, which existed under the feudal system, do not exist under our system. Our tenures are allodial. Taylor's Landlord and Tenant 6. There are no rents to be paid, no duties to be rendered, to the lord. Hence there is no reason why the heir shall be forced to take the inheritance against his will. The expression that the inheritance is "cast upon the heir," implies no more than that, in the absence of a will, the law steps in and says that the estate shall go to the heir. It is, in substance, in that event, the will of the ancestor. In the absence of an express will, he impliedly directs that his estate shall be disposed of according to the law of the jurisdiction in which he has his domicil.

The estate no more vests in the heir on the death of the ancestor, than it does in the devisee on the death of the testator. In either case it may with propriety be said that the law " casts" the estate upon him who is entitled to it. In other words, it implies that he will accept it until the contrary appears.

When the executor is also legatee, the property of the legacy is, immediately upon the death of the testator, altered and transferred to the executor, by operation of law. Plowden 543. Yet, as we have seen by the authorities before cited, he may renounce the legacy.

Thus, upon principle, it seems to be clear that the heir may renounce or waive the inheritance, if he desire not to accept it.

3. In what way or manner may the inheritance be waived or renounced?

It may be done by matter of record, or by deed, or, it would seem, by parol, or by any unequivocal act expressing the intention of the person renouncing. See authorities before cited.

The heir, or executor, when he renounces the succession, may do it by acts which signify his intention so to do; for example, by giving notice to collectors and legatees, and to the person who has the right to the succession in his place. 2 Domat's Civil Law 155, sec. 4, art. 2, 2736.

And *Holroyd*, J., in *Townson* v. *Tickell*, before cited, says, " I cannot think that it is necessary for the party to go through with the form of declining in a court of record, nor that he should be at the expense and trouble of executing a deed, to show that he did not assent to the devise." And see especially the opinions of the judges, pronounced in *Townson* v. *Tickell*. A deed is not necessary in order to renounce a devise. *Ward* v. *Ward*, 15 Pick. 525. In the case last cited, an opinion of Justice *Holroyd*, in *Townson* v. *Tickell*, is referred to and endorsed by Judge *Putnam*. And in the case at bar, the estate which is the subject of the decree of the judge of probate being personal, no deed is required to divest the title. The law does not cast it upon the heir. The title, in the first instance, vests in the executor of Amos Farnum, the heir being entitled (if at

all) to his share of the residuum, after the payment of the debts of the testator.

And now, when the estate is settled in the course of insolvency, the title of the real estate vests in the administrator — the rights of the heir being subject to the results of the administration.

Thus, on the authority of the cases above cited, it seems clear that the waiver, or renunciation, by Merit Farnum of his claim to his distributive share of his father's estate under the statute, was sufficient. It was by writing under his hand, filed in the court of probate. The act approaches the solemnity of a record or deed, and it must operate as a *quasi* estoppel upon him and his representatives. See *Story*, J., in *Webster* v. *Gilman*, 1 Story 515.

If, in this case, the law casts the inheritance on the child, and vests the title in him, it is against the express will of the parent, and contrary to the express desire of the child, and thus instead of aiding it defeats the intentions of both parties. And it defeats their intentions with respect to the aged wife and mother, whom both parties designed to benefit. Perhaps, if creditors were concerned, the law would not permit the heir to refuse whatever the law confers upon him. But where he is alone interested, there is no more reason why he should be compelled to accept the inheritance than that the devisee shall take the estate devised, or the grantee the estate granted.

4. But if, in the absence of a will, the law casts the inheritance upon the heir, the making of a will intercepts the act of the law, and thus prevents the inheritance from being cast upon him.

It gives him only a mere *claim* to a distributive share of the estate under the statute. Therefore no title vests in him which requires a matter of record or a deed to divest.

If he has only a mere *right to claim* his distributive share of the estate under the statute, he may waive or renounce that right by matter of record, by deed, by parol, or by any act which clearly expresses his intention so to do.

Nor would the judge of probate have any authority to decree to him a share of the estate *except upon application*. Without such application and claim of right, the will in this case would stand, and all of the estate remaining, after the payment of the debts of the testator, would pass to Lydia Farnum.

Merit Farnum having, by a writing filed in the probate office, waived his claim to the share to which he was entitled under the statute (if entitled at all) by reason of not being named in the will of Amos Farnum, and having made in his lifetime no application for a distributive share of his father's estate, his administrators cannot now come into court and revoke that waiver, and claim his distributive share. What power have the administrators of Merit Farnum to claim against the will, their intestate in his lifetime having assented to its provisions ?

5. The objection and claim of the administrators of Merit Farnum, if allowed, defeats the will of Amos Farnum entirely.

The will having been duly proved, cannot be rendered nugatory in this manner. The probate establishes it as a valid will. The effect of the claim of the administrators of Merit Farnum is to deprive the will, thus proved and established, of all operation whatever.

If the waiver is not valid, all the children of Amos Farnum are entitled to have distributive shares under the statute. Compiled Statutes, 423, ch. 176, sec. 13.

Thus far, then, the will has no operation, and the widow in that case would take as heir what the law gives her upon an intestacy. *Judge of Probate* v. *Robbins*, 5 N. H. 246.

Thus the will would in law be inoperative as to the widow of Amos Farnum. The authorities all agree that a title by descent is superior to a title by devise, and takes precedence of it.

Therefore, if the children of Amos Farnum are entitled to their distributive shares under the statute, the widow can take nothing under the will. She must take her dower, and that she cannot have under the will. She must also take her share of the personal estate, and that the will does not give her. It gives her the whole of it. Thus, if the objection and claim of the

administrators of Merit Farnum are allowed, the children of Amos Farnum, and the widow also, must take under an intestacy. This destroys the will entirely, and defeats the decree allowing and approving it. But the will and decree cannot be impeached and defeated in this way. *The objection going to the whole will,* should have been taken when it was offered for probate.

It has been admitted to probate, and is a valid will. Something must pass by it, and if anything does pass by it, it is just what the will purports to give, which is the whole estate.

6. The construction of the will as it stands excludes the children of Amos Farnum. It is not necessary that the children should be provided for, or named in the will, in order to exclude them. The language of the Revised Statute, (and the Compiled also,) in reference to this matter, is, that the child who is " omitted and not provided for in the will" shall have his share of the estate. Compiled Statutes, ch. 176, sec. 13, p. 423. The act of July 2, 1822, provided that the child " which has no devise or legacy by the will of the deceased father or mother, and which is not named or referred to in the will of the deceased father or mother, in such a manner as to show that it was not out of the mind of the testator at the time of making the will," shall have its portion of the estate. N. H. Statutes, ed. of 1830, p. 355. The statute last referred to, and the Revised Statutes, being *in pari materia,* have received their construction by the Superior Court of this State. *Merrill* v. *Sanborn,* 2 N. H. 499. The Revised Statute relating to this matter was made in view of the construction given to the statute of July 2d, 1822, and was intended to confirm the latter as the law of this State. The statutes of Massachusetts relating to this subject are like our own, and have received a similar construction. *Terry* v. *Foster,* 1 Mass. 146 ; *Wild* v. *Brenver,* 2 do. 570 ; *Church* v. *Crocker,* 3 do. 17 ; *Wilder* v. *Goss,* 14 do. 357.

The construction has been, that whenever, from the tenor of the will or from any part of it, sufficient appeared to indicate that the testator had not forgotten his children or grand-children (as the case might be,) when he made his will, they would not

be entitled to a distributive share of his estate, although no legacy was given them by the will. *Dewey*, J., in *Wilson* v. *Fosket*, 6 Met. 403.

In the case of *Merrill* v. *Sanborn*, before cited, in which it appears that the testator omitted to name five out of seven grandchildren in his will, the court remark that " it is incredible that he should have passed over five out of seven grand-children through forgetfulness." They therefore held the will good, notwithstanding the omission.

It is still more incredible that a father of sound mind, as the probate of the will shows Amos Farnum to have been, should in terms give his whole estate to his wife, *forgetting that he had any children.*

Wills are to be construed in such a manner as to give them effect, if possible, according to the intentions of the testator, not to destroy them.

7. Nor is it necessary that it should appear from the language or context of the will that the testator designedly omitted to name or to provide for his children. It may appear *dehors* the will. It may be shown by parol. *Wilson* v. *Fosket*, before cited.

*E. L. Cushing*, for the appellee.

FOWLER, J. By the provisions of the third section of the act of July 2, 1822, (Laws of 1830, p. 355,) in force at the date of the execution of the will of Amos Farnum, if there were any child, or any lineal heir of a child in the descending line, which had no devise or legacy by the will of a deceased father or mother, and which was not named or referred to in the will in such manner as to show that it was not out of the mind of the testator at the time of making the will, every such child or heir was entitled to inherit and have assigned to it the same portion in the estate of the deceased as it would have been entitled to if such deceased person had died intestate. The enactments of the Revised Statutes on this subject are precisely similar, and

it is understood that the decree of the judge of probate appealed from is based solely on this provision of the statutes.

It has been very ingeniously contended in the argument of the counsel for the appellant, that under the construction given to this statute in our own State, in the case of *Merrill* v. *Sanborn*, 2 N. H. 499, and to a similar statute of Massachusetts by the supreme court of that State, in the numerous cases referred to, the children of Amos Farnum might properly be excluded from any share of his estate under this will, it being utterly incredible that a father of sound mind should in terms give the whole of his estate to his wife, the mother of his children, forgetting that he had any children by her.

Without considering this question we think it entirely clear, on well established principles, that if Merit Farnum, not being named or referred to in the will of his father, were entitled under the statute to the same share of the estate as if no will had been made, he so conducted as to preclude himself or his representatives from claiming that share.

The will of Amos Farnum passed his whole estate to his widow, subject to the right of his children, not named or referred to therein, to claim their respective shares thereof. This right it was competent for them to renounce or waive. It was no greater or more indefeasible than the right of a devisee or legatee to the devise or legacy given to him under a will; and it is well settled that such devise or legacy may be waived or renounced by some unequivocal act. 4 Kent's Com. (5th ed.) 533 ; *Townson* v. *Tickel*, 3 Barn. & Ald. 31.

The disclaimer or renunciation of a devisee or legatee must be by some unequivocal act, and it is left undecided whether it may be verbal only, although some judges have so held. A disclaimer by deed is sufficient, as also by proceedings in a court of record.

By the second section of the act of July 2, 1822, (Laws of 1830, p. 355,) it was provided that if the widow of any person deceased should waive the provision made for her in the will of her deceased husband, by a writing filed with the judge of probate

before whom the will was proved, she shall have dower assigned her, and every provision made for her in the will should be void. Substantially the same provision exists in the Revised Statutes.

The right of a child to a share of the estate is of no higher nature than that of the wife to the provision made for her by the will, and if one may be renounced and waived by a writing filed with the judge of probate, there would seem to be no reason why the other might not be renounced or waived in the same manner.

The petition or statement, signed by Merit Farnum, dated February 18, 1852, addressed to the judge of probate and filed in the probate office, is one of those solemn, unequivocal acts, becoming a matter of record, which was sufficient effectually and forever to renounce all his claim to any share of his father's estate in opposition to the will. It was, in fact, a proceeding in the court of probate, of at least as high and solemn a character as a deed under seal. By it he not only admits the due execution of the will of his father, but expressly acknowledges his satisfaction with its provisions, and prays that the same may be carried into effect by the settlement of the estate, agreeably to its tenor. This cannot, it seems to us, be otherwise construed than as a full and complete assent to the conveyance to the widow, by the will, of all the estate of his father, by ratifying and confirming the instrument which assumed to make the conveyance. It was not a mere authority to the judge to treat the will as valid for the time being, but, so far as he was concerned, an express ratification and confirmation in writing of the devise and bequest to the widow and mother. It was an unequivocal waiver of all and every objection that he could make to the will by reason of his not being named therein. Its object would seem to have been to carry into effect, by a writing placed among the records of the court, the intention of the testator, as evidenced by the will, which intention might otherwise have been defeated by what is to be regarded rather as a technical and formal, than as an equitable exception.

We are, therefore, of opinion that the petition in writing of

Merit Farnum to the judge of probate, filed in the probate office, constituted, under the circumstances, such a sufficient renunciation and waiver of all his rights as one of the children of Amos Farnum, as forever to debar him or his representatives from asserting those rights in opposition thereto ; and for this cause the decree appealed from should be reversed.

But there is another ground on which we are satisfied that Merit Farnum and his representatives should be estopped from claiming any share of his father's estate. As appears from the case, all the surviving children, the lineal descendants of the one deceased, and the widow, united in this application to the judge of probate to have the will proved and the estate settled conformably to its provisions. The children and heirs had all a common interest in the maintenance and support, in a proper manner, of the widow, and they may be supposed to have had a common feeling that the intentions of the testator should be carried out, as expressed in the will. They may be presumed to have cherished a mutual confidence that any surplus of the estate conveyed to her, remaining unexpended at the death of the widow, would be fairly and equally distributed between them. They may each fairly be presumed to have signed the petition in the expectation and consideration that all the others would do the same ; for it could hardly be expected that one would be willing to relinquish his share of the estate to which all were equally entitled, while the others were to receive theirs. They all signed the waiver or renunciation. It was filed in court and acted upon. The estate was settled according to its prayer, so far as all the children and heirs were concerned, except Merit. Their shares of the estate have passed to the widow under the will, and to permit him under these circumstances to revoke his waiver or renunciation of his claim to a share of the estate, would operate as a direct fraud upon the other heirs.

It does not appear that the administrators of Merit Farnum gave to the other heirs of Amos any notice of their intention to revoke this waiver. If the widow should die intestate, the administrators might claim and hold one third of her estate, much

of which was acquired through this very joint waiver of the heirs, which they themselves now seek to avoid and set aside.

It is, however, sufficient to say that this waiver or renunciation of the heirs of Amos Farnum was acted upon by the parties interested in it; the will was established and the estate administered under its provisions. The shares to which the other two children would have been entitled have passed to their mother by the decree of the judge of probate. The condition of the parties has been changed in consequence of it. The widow and administrator relied upon and acted on the faith of it. They, as well as the other heirs, have changed their previous position by reason of it, and neither Merit Farnum or his representatives can be allowed to revoke it, when its revocation will operate to their injury. Merit Farnum having, by his own acts and representations, induced the widow, heirs and administrator of Amos Farnum so to conduct as to alter their previous position by proving the will and permitting the estate to be administered according to its provisions, such acts and representations being designed thus to influence them, cannot deny the validity of those acts or the correctness of those representations. 1 Greenleaf's Ev., sec. 207, and authorities; 3 Kent's Com. 452; *Tufts* v. *Hayes*, 5 N. H. 453; *Pickard* v. *Sears*, 6 Ad. & Ell. 475; *Watkins* v. *Peck*, 13 N. H. 373; *Thompson* v. *Sanborn*, 11 N. H. 201; *Morse* v. *Child*, 6 N. H. 521.

On both grounds, then, Merit Farnum and his representatives were precluded from claiming any share of his father's estate. The decree of the judge of probate heretofore made must, therefore, be reversed and a new one entered, distributing the whole balance of $3594.21, remaining in the hands of the administrator, to the appellant.　　　　　*Decree reversed.*