Cheshire Probate Court,
No. 4483.

HOMER S. BRADLEY, *Ex'r v.* STATE.

Argued May 1, 1956.

Decided May 31, 1956.

*Homer S. Bradley* (by brief and orally), as executor, *pro se.*

*Warren E. Waters,* Deputy Attorney General (by brief and orally), for the State of New Hampshire.

GOODNOW, J.  If the surviving tenant of an estate in joint tenancy is "any person . . . except . . . the husband, wife, father, mother, lineal descendant, or adopted child of" the deceased cotenant (RSA 86:6), his right to the immediate ownership of the property is specifically subjected to the legacy and succession tax of this state by the following provisions of RSA ch. 86:

"86:8 JOINT OWNERSHIP.  Whenever property, real or personal, is held in the joint names of two or more persons, or is deposited in banks or other depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons, the right of the survivor to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter, in the same manner as though the whole property to which such transfer relates was owned by said parties as tenants in common and had been devised or bequeathed to the survivor by such deceased joint owner.

"86:9 MEASURE OF SHARES.  To the extent that such joint account or property is acquired by the use of the funds of the persons to whom it is payable, or by whom it is held, the value of the separate interest of each for the purposes of this chapter shall be measured by his proportionate contribution to the fund or to the purchase price of the property."

Since the surviving joint tenant in this case was the sister-in-law of the deceased cotenant and contributed nothing to the accounts in question, a tax upon the full amount of the accounts is

imposed by this statute unless, as the plaintiff contends, the sister-in-law, by assigning the accounts to the executor and "thereby waiving her statutory right to claim said deposits as surviving joint tenant," caused the funds to revert to and become a part of the decedent's estate.

The accounts in question were created by the deceased tenant during his lifetime with his own funds and the now surviving tenant had no knowledge of their existence until the day of the cotenant's death. Formerly, such deposits were not effective to give the survivor any ownership or interest in the accounts. *Nashua Trust Co.* v. *Mosgofian,* 97 N. H. 17, 19. They now, however, become "the property of . . . the survivor" by virtue of the statute adopted here in 1953 (RSA 384:28-32) which provides in part as follows:

"384:28 ON DEATH OF DEPOSITOR. Whenever any account shall be maintained in any bank doing business in this state in the names of two persons payable to either of such persons, and payable to the survivor of them, the said account shall upon the death of either of said persons become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, and irrespective of whether or not at the time of the making of such deposits there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit, and irrespective of whether or not there was any delivery of any bank book, account book, savings account book, certificate of deposit, or other evidence of such an account, by the person making such deposit to the other of such persons.

"384:31 CONSTRUCTION. Nothing contained in this subdivision shall be construed to prohibit the person making such deposit from withdrawing or collecting the same during his lifetime, nor shall the fact that such person had the right to withdraw or collect said deposit during his lifetime operate to defeat the rights herein provided for the person or persons surviving such depositor."

As to bank accounts maintained by one person in the names of himself and another and payable to either of them, or the survivor, this statute removed the presumption against an intention to create joint interests in them, the burden of overcoming which was formerly placed upon the surviving tenant (*Dover &c. Bank* v. *Tobin,* 86

N. H. 209, 210) and eliminated "any question of the right of the survivor . . . to ownership and payment of the account 'upon the death of either of said persons.'" *Cournoyer* v. *Bank*, 98 N. H. 385, 393.

By virtue of this statute a surviving tenant has the right to the ownership of the account free from the claims of the heirs or creditors of the deceased tenant, (48 C. J. S. 910, 911) regardless of whether any assets pass to the latter's estate at the time of his death. This right to the account however is subject to avoidance if the acts of the deceased tenant in establishing the joint estate were undertaken by him in order to defeat the rights of his wife (*Ibey* v. *Ibey*, 93 N. H. 434, 435) or those of his creditors, or were done in violation of RSA ch. 545, the Fraudulent Conveyances Act, none of which factors are involved here. Except as the right is so voided, the surviving tenant has no duty to provide from the account for the payment of the deceased tenant's debts nor for the funeral bills or expenses of administration incurred by his estate.

The statute does not operate, however, to make the surviving tenant the owner of the account against his consent. The heirs-at-law of an intestate estate may not disclaim or renounce their rights because the title which they receive is in no sense a gift but is one which passes to them by force of the rules of law, without the necessity of any voluntary act either on the part of the former owner who is dead, or the subsequent owner who takes by intestate succession. *Bostian* v. *Milens*, 239 Mo. App. 555. On the other hand, "a gift, however created, whether by will or *inter vivos*, is wholly inoperative unless accepted by the donee." *Gottstein* v. *Hedges*, 210 Iowa 272, 275. Thus, devisees or legatees take title by way of gift because of the testator's voluntary act in executing his will (anno. 170 A. L. R. 435) and have the right to prevent the passage of this title to themselves by renunciation. *Perry* v. *Hale*, 44 N. H. 363, 365. Similarly, the beneficiary of a trust may disclaim it. In either case, the renunciation or disclaimer relates back to the date of the gift with the result that title to the property which is the subject matter of the gift does not pass to the beneficiary. 1 Scott, Trusts, *s.* 36.1.

As to an account established in accordance with the statute (RSA 384:28), it is the act of the deceased tenant in creating the account as a joint one which brings the transaction within the provisions of the statute and causes the account to become "the property of . . . the survivor," in the same manner that it is the

act of a testator or grantor of a trust in executing his will or trust agreement which gives rise to the gift. The surviving tenant's statutory right to the account is not one which he is compelled to accept.

We conclude in this case that the survivor's "right . . . to the immediate ownership" of the accounts to which the taxing statute refers (RSA 86:8) was one which she had the power to disclaim or waive. This she seasonably did on the same day that the existence of the accounts first came to her knowledge. The disclaimer related back to the date on which the accounts were established as joint ones with the result that the accounts became a part of the deceased tenant's estate. They were there subject to the deductions authorized by RSA 86:44 before determination of the legacy and succession tax.

The answer to the transferred question is "yes."

*Remanded.*

All concurred.