Strafford,
No. 4916.

GEORGE COLEMAN *v.* STANLEY M. BURNS, *Tr.*

Argued April 5, 1961.

Decided May 31, 1961.

*James A. Sayer, Jr.* (by brief and orally), for the plaintiff.

*Burns, Bryant & Hinchey* and *E. Paul Kelly* (*Mr. Kelly* orally), for the defendant.

WHEELER, J. The issue presented here is whether there was evidence to support the findings and rulings of the Court that Margaret effectively renounced her life interest in expectancy in the disputed premises and thereafter acquired a valid title to the property as against the plaintiff.

The evidence tended to establish that James, the life tenant in possession, was able to pay only twenty dollars of the taxes levied in 1933 amounting to $46 and that Margaret paid the balance. Thereafter Attorney Stanley M. Burns called James to his office regarding repayment of this balance but he was financially unable. In August 1935 Attorney Burns wrote to Margaret and advised her that she would receive a notice that a tax sale of the property would be advertised. On August 26, 1935 Margaret came to Burns' office with a letter from James in which he said in part that he was unable to pay the taxes and that she would be sold out if she did not.

Following the tax sale on September 30, 1935 Attorney Burns called a meeting in his office with George, Margaret and Maud and inquired of them what they intended to do about the taxes. Both George and Maud said they had no money. Margaret said she would pay the taxes provided she could acquire title to the property. Margaret was then advised in their presence that she owned River-view Hall outright but all she received in the disputed property was a potential life estate and that she could either accept it under that condition or reject it and disclaim under the will. Mr. Burns further explained that if she disclaimed and thereafter paid the taxes she would ultimately own it outright. She then advised in the presence of all that was what she wanted to do, and her attorney proceeded to carry out her desires.

The property was sold for taxes for the years 1934 and 1937 inclusive. The city purchased it at the sale in 1935 and Margaret redeemed from this sale on October 28, 1935. Margaret or her agent purchased the property at the later sales. On December 19, 1938 she received a tax collector's deed from the city of Dover for the property. Margaret thereupon took possession and evicted James. She sold a portion of the property, paid all the taxes thereafter and

made substantial capital improvements. From 1930 to 1950 George lived rent free in Riverview Hall. During this time he did odd jobs for Margaret for which he was paid. He knew she had acquired tax title to the premises and had evicted James. For some seventeen years George did not protest her claim of ownership nor did he ever indicate he intended to do so.

Margaret devised the property to Lester and Barbara Bates under a support agreement entered into on November 1, 1954 and died the following year.

The plaintiff contends that Margaret did not make a valid renunciation of her life estate interest since it was not in writing, it was not seasonably made and that she exercised dominion over the property prior to renunciation by paying part of the 1933 taxes and redeeming the 1934 taxes. It is further contended that the 1936 tax sale on which the deed was based was invalid because the records show no confirmation of the fact that notice of the tax sales had been sent by registered mail and that the plaintiff is not now estopped to assert his right to the property.

While the plaintiff does not contend that it is the law of this jurisdiction that an act of renunciation must be in writing he does argue that in the absence of binding precedent the better rule as established in some jurisdictions is that renunciation must be in writing. 57 Am. Jur., Wills, s. 1571. As pointed out by the defendant there is nothing in the cases of *Perry* v. *Hale,* 44 N. H. 363 and *Bradley* v. *State,* 100 N. H. 232, to support this contention. In this case the Court found that Margaret's renunciation was "an honest, aboveboard act . . . openly made" and without protest from the plaintiff. By the great weight of authority a writing is not necessary to a valid renunciation, and we so hold. Page, Wills (3d *ed.*) *ss.* 1406, 1409.

It is further argued by the plaintiff that if there was a renunciation it was not made within a reasonable time. Margaret renounced her life estate before her right to possession arose, while James, the life tenant in possession, was still living. What is a reasonable time must depend on all the facts and circumstances. Under certain circumstances the time in which to renounce must necessarily be short. In others it may be long if there is no occasion to act sooner. Because of the inability of the other interested parties to pay the taxes, all interests would have been wiped out if saving action had not been taken by her. When she redeemed the property from the tax sale in October 1935, she was not then entitled to

possession (*cf. Robbins* v. *Ducey,* 92 N. H. 182) and her action merely served to preserve the interests of all of the interested parties. If this action was equivocal, in the light of her renunciation and stated purpose to acquire a fee, it did not constitute an acceptance of the devise. Her later action was unequivocal. She purchased the property at tax sales in the next three consecutive years and in the third year accepted a tax collector's deed of the property. She thereupon evicted James Coleman who was the life tenant in possession and she continued thereafter to exercise complete dominion over the property until her death in 1955. Her renunciation prior to the termination of James Coleman's existing life estate was within a reasonable time. *Brown* v. *Routzahn,* 63 F. 2d 914, 916 (6th Cir. 1933) ; 4 Page, Wills (3d *ed.*) *s.* 1408.

This was all done with the plaintiff's knowledge and without objection on his part. In the light of all the circumstances the findings and rulings that Margaret effectively renounced her life estate and that the plaintiff is estopped from asserting his claim were warranted by the evidence. See *Hardy* v. *Keene,* 67 N. H. 166; *Putnam* v. *Corporation,* 90 N. H. 74, 76.

In these circumstances her acceptance of the devise of "Riverview Hall" did not preclude her renunciation of the separate and distinct devise of a life estate in the remaining realty. *Pepperell* v. *Whipple,* 327 Mass. 688; 4 Page, Wills, *supra, s.* 1410.

The plaintiff further argues that Margaret did not acquire a good title to the premises by a tax collector's deed because the tax sales under which she acquired the deed were invalid because the tax collector's records failed to show that notice of the sales had been mailed by registered mail as required by statute. RSA 80:21.

The records in the Strafford County registry of deeds show that the tax collector recorded the following statement with respect to all the tax sales of the premises: "I sent a copy to the last known Post Office address of the owner and to the person against whom the tax is assessed." The tax collector was unable to produce the return receipts for the tax sale notices. The trial took place in 1960 some twenty-four years after the mailing of the notices. The certificates of mailing recorded with the register of deeds was some evidence that they were mailed in accordance with the statutory requirements and we cannot say as a matter of law that the Court's ruling that the sale was valid was erroneous. *Shackford* v. *Newington,* 46 N. H. 415, 421.

318

Finally the plaintiff contends that there should be a new trial because of the Court's ruling sustaining defendant's objection to questions asked of the plaintiff when called in rebuttal at the close of defendant's case.

The plaintiff testified he remembered going to Attorney Hughes' office but did not remember any of the conversation that day. On rebuttal he was asked further with respect to this conference as follows: "Q. Was Stanley Burns present at that conference? MR. BRYANT: I object. A. He wasn't. MR. BRYANT: I object. The witness this morning testified he didn't remember the conference. THE COURT: Your objection is sustained. MR. SAYER: Exception." In the light of the previous testimony this exclusion did not constitute abuse of discretion. *Glidden* v. *Brown*, 99 N. H. 323, 326.

*Exceptions overruled.*

All concurred.