Rockingham County Probate Court
No. 95-020

*In re* ESTATE OF LILLIAN T. LAMSON

*In re* ESTATE OF ROBERT H. LAMSON

July 11, 1995

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.,* of Portsmouth (*Charles B. Doleac* on the brief and orally), for the executor, John C. Lamson.

*Ansell Professional Association,* of Bedford (*Ruth Ansell & a.* by brief), for estate of John Zyla and estate of Kathleen Zyla, as *amicus curiae.*

*Wiggin & Nourie, P.A.,* of Manchester (*Mark A. Langan* by brief), as *amicus curiae.*

*Devine, Millimet & Branch,* of Manchester (*John S. Holland & a.* by brief), as *amicus curiae.*

HORTON, J. This is an interlocutory transfer without ruling from the Rockingham County Probate Court (*Maher,* J.) pursuant to Supreme Court Rule 9. The question presented is whether a disclaimer exercised on behalf of a decedent by his or her executor, administrator, or other personal representative to disclaim a survivorship interest is valid without express authority in the will or trust. We answer the transferred question in the affirmative.

Robert Lamson died on October 24, 1991; his widow, Lillian Lamson, died on January 18, 1992. The executor of each estate is their son, John Lamson, and the wills of each name their children as beneficiaries if the spouse does not survive the decedent. Prior to Robert Lamson's death, his estate was comprised principally of property held jointly with his wife. Subsequent to Lillian Lamson's death, her executor disclaimed her right of survivorship in the property held jointly with her husband in order to avoid a substantial federal estate tax. The Rockingham County Probate Court accepted the disclaimers filed by the executor. The IRS audited the estate of Lillian Lamson and indicated that it would not accept the validity of the disclaimer for federal tax purposes absent a definitive ruling by this court that such a disclaimer is valid under New Hampshire common law.

It is not contested that Mrs. Lamson could have renounced her survivorship interest in the property held jointly with her husband had she done so before her death. In *Perry v. Hale,* 44 N.H. 363, 365 (1862), we held that a devisee has the power to renounce a testamentary gift. An intestate heir also may disclaim an intestate share under our common law. *See Farnum v. Bryant,* 34 N.H. 9, 19 (1856). The same is true of a right of survivorship in a joint tenancy. *Boucher v. Johnson,* 117 N.H. 343, 346, 373 A.2d 349, 351 (1977). "The surviving tenant is in a position analogous to that of a devisee or legatee, and has the right to prevent the passage of title by renunciation." *Id.*; *see Bradley v. State,* 100 N.H. 232, 237, 123 A.2d

148, 151 (1956). The motivating factor permitting renunciation of these interests is that one should not be forced to accept burdensome, unbargained for tenders. *See Perry v. Hale,* 44 N.H. at 365. "If the property devised is subject to a condition, or burdened with a charge, the devisee or legatee is allowed a reasonable time and opportunity to judge of the value of the bequest and of the burden of the condition, before he decides to accept or reject it." *Id.*

■ The question that remains unanswered is whether the executor of the estate may disclaim these interests following the death of the decedent, and if so, in what manner may this be accomplished. The primary justification for permitting *inter vivos* renunciations, that one should not be forced to accept unwanted tenders, also supports an executor's right to renounce. It is no more just to burden an estate with an unwanted transfer than to burden a living person. Furthermore, the executor owes a fiduciary duty to the estate and heirs, *McInnes v. Goldthwaithe,* 94 N.H. 331, 334, 52 A.2d 795, 798 (1947), which lends support for the *post mortem* renunciation. Because of this fiduciary duty, the executor must handle the estate "with that degree of prudence and diligence that a [person] of ordinary judgment would bestow on his [or her] own affairs of like nature." *In re Estate of McCool,* 131 N.H. 340, 346, 553 A.2d 761, 765 (1988). Vesting the power in the executor to renounce *post mortem* permits the executor to act in the best interest of the estate by renouncing interests that would otherwise burden the estate.

■ While a personal renunciation by the decedent prior to death could be made for any reason, *see* Recent Cases, 81 U. PA. L. REV. 625, 646 (1933), the executor is tethered by the fiduciary duty owed to the estate and its beneficiaries. *McInnes,* 94 N.H. at 334, 52 A.2d at 798. Therefore, as a fiduciary, the executor would be permitted to renounce only if renunciation benefits the estate and the beneficiaries of the estate. The executor must petition the probate court for approval of any renunciation, which it could under its general equitable power refuse to approve if renunciation is not in the interest of the estate or beneficiaries. *See* RSA 547:3-b (Supp. 1994). Any renunciation by an executor must meet the same requirements we have established for *inter vivos* renunciations. *E.g., Coleman v. Burns,* 103 N.H. 313, 316, 171 A.2d 33, 35–36 (1961) (renunciation must be made within a reasonable time, which depends on the facts and circumstances of each case).

■ A *post mortem* renunciation by an executor is consistent with the statutory scheme permitting other *post mortem* actions by executors. *See, e.g.,* RSA 553:30 (1974) ("Upon a showing of advantage to the estate the probate court may authorize the executor, administrator or special administrator to continue any business of the decedent for the benefit of the estate.").

The Uniform Probate Code and a number of treatises also support our holding, *see* Unif. Prob. Code § 2-801(a), 8 U.L.A. 185 (Supp. 1995); 6 W. BOWE & D. PARKER, PAGE ON WILLS § 49.5, at 42 (1962); 7 C. DEGRANDPRE, NEW HAMPSHIRE PRACTICE, WILLS, TRUSTS AND GIFTS § 17.08, at 218 (2d ed. 1992); 7 R. POWELL & P. ROHAN, POWELL ON REAL PROPERTY § 978.2[1], at 86A-9 (1995), as does case law from other jurisdictions, *see, e.g., In re Estate of Deitch,* 435 N.Y.S.2d 244, 245 (Sur. Ct. 1981); *In re Howe's Estate,* 163 A. 234, 237 (N.J. Prerog. Ct. 1932). *But see, e.g., In re Will of Sayre on Behalf of Sayre,* 415 S.E.2d 263, 265 (W. Va. 1992). Accordingly, we answer the transferred question in the affirmative and remand.

*Remanded.*

All concurred.